IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DON MERCELEANY R. MAXWELL/G-DOFFEE                                    PLAINTIFF
ADC #108778

V.                                  NO: 5:09CV00325 SWW/HDY

ANGELA TYLER *et al.*                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

    hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff Don Merceleany R. Maxwell/G-Doffee, currently incarcerated at the Arkansas Department of Correction's Tucker Maximum Security Unit, filed a complaint on October 23, 2009, alleging that, on March 10, 2009, he was issued a disciplinary charge in retaliation for a lawsuit and an earlier grievance, and that he was ridiculed for his religious beliefs. Defendants are CO-II Angela Tyler, and Warden David White, of the Tucker Maximum Security Unit, and Disciplinary Hearing Examiner Justine M. Minor, and Disciplinary Hearing Administrator James Gibson. Plaintiff appeared and testified, as did Defendants, and officer Alfred Burton. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### **I. Facts**

  On March 10, 2009, Tyler charged Plaintiff with various disciplinary charges related to an incident in which she alleged that he was using paper to obstruct the view inside his cell, and was

creating a disturbance. On March 13, 2011, Minor conducted a disciplinary hearing, and found Plaintiff guilty of most of the charges. As a result, Plaintiff was sentenced to 30 days of punitive time. Plaintiff asserts that charge was issued in retaliation for his litigation and grievance activities, in particular, grievance MX-09-603, naming the "6 barracks problem solver," who Plaintiff asserts was Tyler.[1]

## I. Analysis

Even though a false disciplinary charge is not itself actionable, it is unlawful for an officer to issue a prisoner a disciplinary charge in retaliation for that prisoner filing a grievance. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure); *Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir. 1983) (inmate's constitutional right to access courts cannot be impaired, directly or indirectly, in retaliation for filing lawsuits).

Although Plaintiff claimed grievance MX-09-603 was against Tyler, the evidence demonstrated that Tyler was not the problem solver at issue in the grievance. In fact, Tyler was involved in the grievance response, which she would have been unable to do had the grievance involved her. Thus, Tyler had no motive to retaliate against Plaintiff based on grievance MX-09-603. Plaintiff also alleged that Tyler retaliated against him for various lawsuits and grievances he filed against ADC personnel at the Varner Unit, where Plaintiff was previously housed, or that Tyler wanted to retaliate against him because he was from Little Rock, and was filing grievances regarding staff members who lived in the Pine Bluff area. However, in response to Plaintiff's questions regarding specific staff members at the other unit, Tyler testified that she did not even know them.

---

[1] Tyler was not identified by name in the grievance.

Tyler also asserted that she did not know where all her co-workers lived, and Plaintiff offered no evidence to rebut Tyler's testimony. Finally, Plaintiff's vague assertions that Tyler wanted to punish him for his religion or his skin tone were conclusory and unconvincing. Thus, Plaintiff failed to establish that Tyler's disciplinary charge was issued for any retaliatory motive.

Plaintiff also contends that Minor denied him due process in his disciplinary hearing. However, Plaintiff received notice of the charges, and had an opportunity to be heard at the disciplinary hearing. Plaintiff was apparently prevented from offering into evidence certain documents which he claimed would show that Tyler's disciplinary charge was retaliatory. The documents were not accepted by Minor because they were not directly related to the disciplinary charges. Moreover, according to Minor, Plaintiff did not even offer the documents until she found him guilty of the charges, testimony which appears to be supported by the recording of the disciplinary hearing. As discussed above, the evidence does not support Plaintiff's claims of retaliation. Thus, even if Plaintiff was denied due process at the hearing, he is left with at most a false disciplinary charge, which is not actionable. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)). Additionally, the punishment Plaintiff received as a result of the disciplinary conviction, 30 days of segregation, does not give rise to due process protections.[2] The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and

---

[2]Plaintiff also complained that he was denied his mattress during the day while he was in segregation, but he described no conditions of his confinement which denied him the minimal civilized measure of life's necessities, or constituted a substantial risk of serious harm. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (same).

significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed).

Plaintiff's claims against White and Gibson are essentially that they did not overturn his disciplinary conviction. However, the evidence introduced did not support any retaliatory actions by them personally, and Plaintiff appears to be proceeding against them on a *respondeat superior* theory, which cannot serve as a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices). Plaintiff also alleged that Gibson failed to respond to his disciplinary appeal in a timely manner pursuant to Arkansas Department of Correction policy. However, the failure to follow prison policy alone is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff has established neither unconstitutional retaliation, nor a due process violation, nor any other constitutional violation, and his complaint should therefore be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   27   day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE